UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| DAMEION NOLAN, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:14-cv-00375 |
| | ) | REEVES/POPLIN |
| JAMES HOLLOWAY, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM & ORDER

This is a pro se prisoner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now before the Court is Petitioner's motion for leave to proceed *in forma pauperis* on appeal [Doc. 23]. For the reasons set forth below, this motion [Doc. 23] will be **DENIED** and the Court's previous order [Doc. 22] will be **CORRECTED** in the manner set forth below.

### I. MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS*

On August 8, 2017, the Court denied Petitioner's § 2254 motion and dismissed this action with prejudice [Docs. 13 and 14]. In its order dismissing this action, the Court noted that, for the reasons set forth in its memorandum opinion, a certificate of appealability would not issue and therefore stated that it would deny Petitioner leave to proceed *in forma pauperis* on appeal [Doc. 14 p. 1]. The Court sees no reason to amend that order and Petitioner's motion for leave to proceed *in forma pauperis* on appeal [Doc. 23] will therefore be **DENIED**.

### II. CORRECTION OF THE COURT'S PREVIOUS ORDER

In reviewing its previous order and the record as a whole, the Court notes that its previous order [Doc. 22] could have been more clear regarding the reasons for the Court's finding that Petitioner did not show excusable neglect or good cause for the Court to grant Petitioner's motion to extend the time to file an appeal under Rule 4(a)(6) and the fact that the Court therefore denied

Petitioner this relief. Accordingly, the Court will again review the history of this case, which has become something of a procedural quagmire, and correct its previous order [Doc. 22] in an effort to clarify the record for purposes of Petitioner's appeal.

On September 11, 2017, thirty-four days after the Court's denial of the § 2254 motion and dismissal of this case, Petitioner filed a notice of appeal and a motion for the Court to extend Petitioner's time to file his notice of appeal [Doc. 15]. As Petitioner's notice of appeal was untimely, the United States Court of Appeals for the Sixth Circuit remanded this matter to the Court for the limited purpose of ruling on Petitioner's motion for an extension of time to file a notice of appeal [Doc. 16].

The Court, however, could not determine from Petitioner's motion for extension whether Petitioner's failure to timely file his notice of appeal was due to excusable neglect or for good cause as required for the Court to grant a motion to extend the time to file a notice of appeal under Rule 4(a)(5)(A) of the Federal Rules of Appellate Procedure. Accordingly, on November 17, 2017, the Court entered a show cause order requiring Petitioner to show cause as to why his motion for extension should not be denied [Doc. 20].

On November 29, 2017, Petitioner responded to this order [Doc. 21]. In his response, Petitioner asserted that during most of the time that his § 2254 motion was pending, he was housed at the West Tennessee State Penitentiary, where there were disturbances that caused complete lockdowns, included one that lasted several months [*Id.* at 2]. Petitioner stated that he was moved to his current place of confinement, Whiteville Correctional Facility, in the spring of 2017, and that various disturbances then interrupted normal activity, resulting in some restricted times during which mail delivery was suspended [*Id.* at 1–2]. Petitioner also claimed that Whiteville was on lockdown for several days in spring and summer 2017, including an extended term that lasted from

early August through September 4, 2017 [*Id.* at 2]. Petitioner blames these periodic lockdowns and/or occasional restrictions on mail delivery at Whiteville for his failure to update the Court with his new address [*Id.* at 1–2].

Due to Petitioner's failure to update his address, he did not receive the Court's mail containing the dismissal order entered on August 8, 2017, until late in the day on September 6, 2017 [*Id.* at 4]. Petitioner specifically acknowledges that, when he received the dismissal order on September 6, 2017, he learned that his opportunity to appeal that order expired the next day on September 7, 2017 [*Id.*].

Regardless, Petitioner argues that he was entitled to three additional days to file his notice of appeal under Rule 26(c) of the Federal Rules of Appellate Procedure because he was a prisoner and service was made by mail [*Id.* at 4–5]. Petitioner also asserts that as September 10, 2017, was a Sunday, his September 11, 2017 notice of appeal and motion for extension of time to file his appeal was timely [*Id.* at 5].

Despite Petitioner's acknowledgement that he knew when he received the Court's order on September 6, 2017, that he had to file his notice of appeal the next day [*Id.* at 4], Petitioner has not set forth any explanation for his failure to do so. Petitioner has not alleged that any lockdown or mail restrictions were in effect on or about September 6 or 7. Moreover, Petitioner's notice of appeal contains only two sentences, one stating that Petitioner seeks permission to appeal the Court's order denying his § 2254 and the second stating the date on which the Court's dismissal order was entered, and therefore would not take long to prepare [Doc. 15]. Thus, the record contains no reason that Petitioner could not have timely filed a notice of appeal by placing such in the hands of prison officials on September 7, 2017.

Further, Petitioner's assertion that his notice of appeal was still timely because he had an additional three days to file it under Rule 26(c) of the Federal Rules of Appellate Procedure is incorrect. As the Court previously noted [Doc. 20 p. 1–2], under Rule 4(a) of the Federal Rules of Appellate Procedure, Petitioner had to file his notice of appeal within thirty days of entry of the judgment, Fed. R. App. P. 4(a)(1)(A). Neither Rule 6(d) of the Federal Rules of Civil Procedure nor Rule 26(c) of the Federal Rules of Appellate procedure extends the time for filing a notice of appeal. *Ultimate Appliance CC v. Kirby Co.*, 601 F.3d 414, 416 (6th Cir. 2010).

As such, the Court found that Petitioner's response to the show cause order did not demonstrate that his failure to file a timely notice of appeal was due to excusable neglect or good cause [Doc. 22 p. 2]. Regardless, on December 12, 2017, the Court entered an order stating that it liberally construed Petitioner's motion for extension of time to file a notice of appeal [Doc. 19] to also request that the Court to reopen the time for appeal pursuant to Rule 4(a)(6) [Doc. 22 p. 2]. The Court found that Petitioner met the Rule 4(a)(6) requirements for reopening an appeal and therefore granted Petitioner's motion to extend the time for appeal [Doc. 19] only to the extent that it reopened the time for Petitioner to file a notice of appeal for fourteen days [Doc. 22 p. 2].[1]

Accordingly, the Court's previous order [Doc. 22] will be **CORRECTED** pursuant to Rule 60(a) to set forth the above reasons for the Court denying Petitioner relief under Rule 4(a)(5) of the Federal Rules of Appellate Procedure and to state that Petitioner's motion to extend the time for appeal [Doc. 19] is **DENIED in part** to the extent that Petitioner sought to extend the time to file a notice of appeal pursuant to Rule 4(a)(5) due to Petitioner's failure to show excusable neglect or good cause.

---

[1] As of the date of entry of this order, however, Petitioner has not filed a new notice of appeal.

### III. CONCLUSION

For the reasons set forth above:

1. Petitioner's motion for leave to appeal *in forma pauperis* [Doc. 23] is **DENIED**; and

2. The Court's previous order [Doc. 2] is **CORRECTED** to include the above factual and legal analysis and to state that Petitioner's motion to extend the time for appeal [Doc. 19] is **DENIED in part** to the extent that Petitioner sought to extend the time to file a notice of appeal pursuant to Rule 4(a)(5) due to Petitioner's failure to show excusable neglect or good cause.

**SO ORDERED.**

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**